# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT JACKSON, III | CIVIL ACTION NO. 10-909-P |
| VERSUS | JUDGE HICKS |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Robert Jackson, III ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on June 1, 2010, and signed by Plaintiff on May 26, 2010.  Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana when he filed this complaint. Plaintiff names Steve Prator, Robert Wyche, Dr. Florinoid, Manager Boone, Patsy Lewis, Patsy Williams, the Caddo Parish Commission, Jason Waltman, the State of Louisiana, the Madison Parish Sheriff's Office, the Warden of the Madison Parish Jail, Major Doe, the Warden of the River Correctional Center, Major Doe 2, Collinston Correctional Center, Warden of the Collinston Correctional Center, James Fussel, Warden Goodwin, the Louisiana Department of Public Safety & Corrections, Susan Owens, Kenya Ellis, Geya Prudhomme, Brian Barber, Warren Glen Mangham, and Charles Scott as defendants.

Plaintiff claims that in February 2000, he involuntarily waived his right to counsel and his right to a jury trial in state criminal case #200,991.  He claims he was charged with illegal use of a weapon while committing a crime of violence.  He claims he repeatedly petitioned the state court and several of the named defendants for access to an adequate law library and other legal resources to prepare and present a defense in his case.  He claims he was only allowed one hour or less per month in an inadequate law library.  He also claims he lacked access to a private investigator, expert witnesses, and a telephone.  He claims he was unable to locate his alibi witnesses and research and test the State's evidence.

Plaintiff claims that in June 2000, Judge Emanuel contacted jail officials in reference to him being provided access to an adequate law library so he could represent himself in his criminal case.  He claims he was only provided one hour to one and a half hours weekly to prepare his defense in an inadequate library.  Plaintiff claims his appointed stand-by counsel was specifically ordered by Judge Emanuel to not do any research or investigation on behalf of him.  He claims Judge Emanuel also denied him a private investigator, expert witnesses, and telephone access.

Plaintiff claims he did not accept any plea deals because he did not understand the charges, possible sentence exposure, possible defenses, or ramifications of waiving counsel.

Plaintiff claims prison officials denied him meaningful access to the courts from 2000 to the date of his conviction and sentencing in 2002.  Plaintiff claims the State is liable because the assistant district attorneys knew of the violations of his rights and did nothing to cure the violations.

Plaintiff claims he was vindictively prosecuted by Jason Waltman and Coriletha Stewart.  Plaintiff claims that moments before his first trial, he was offered ten years imprisonment at hard labor.  He claims Waltman knew or should have known that he was unable to knowingly and intelligently make a decision regarding the plea and proceeded to trial and had him punished more severely for rejecting the plea.

Plaintiff claims that after his conviction was reversed for invalid waiver of counsel, ADA Coriletha Stewart was adamant about punishing him.  He claims she knew of the plea offer that he unfreely rejected and punished him for not taking the illegal offer.

Plaintiff names the Madison Parish Sheriff's Office, the Warden, and Major John Doe as defendants because he was incarcerated in Madison Parish from 2002 until 2004 when his first direct appeal of his conviction was prepared.  Plaintiff names the River Correctional Center Sheriff's Office, the Warden, and Major John Doe 2 as defendants because he was incarcerated there from 2006 until 2007 when his application for federal habeas relief was prepared.  Plaintiff names the Colliston Correctional Center Sheriff's Office and the Warden as defendants because he was incarcerated there when his first application for post conviction relief was prepared.  Plaintiff also names the Louisiana Department of Public Safety and Corrections and the Secretary because he was in their custody when he was denied access to the courts with no recourse.  Plaintiff names Warden Goodwin and Jamie Fussel as defendants because he was incarcerated in David Wade Correctional Center from 2008-2010 when his memorandum in support of his application for habeas relief was prepared and filed. He claims all these defendants denied him adequate access to the courts because they did not

provide him with adequate time in an adequate law library or proper assistance from persons trained in the law or a combination of both and this stymied his criminal case and petitioning this court in 07-cv-263.

Plaintiff's conviction was reversed on April 9, 2010 when he was granted <u>habeas</u> relief by this court in <u>Jackson v. Cain</u>, 5:07-cv-263-P.  Plaintiff claims that all of his alibi witnesses are deceased and he only had his own testimony to refute his identity as the perpetrator of the crime which compromised his right to remain silent.  Plaintiff further claims the State was reluctant to offer him the same plea deals or credit for time served.

Plaintiff claims that on October 12, 2010, he pleaded guilty to aggravated second degree battery and was sentenced to 13 years imprisonment at hard labor with credit for time served.  Plaintiff claims that on May 13, 2011, the state trial court withdrew his guilty plea and granted him a new trial.  He claims ADA Susan Owens objected and argued that his 13 year sentence was legal but provided no support.  He claims Judge Brun agreed to sentence him to time served if he pleaded guilty.  He claims ADAs Kenya Ellis, Geya Prudhumme, Brian Barber, Susan Owens, Warren Glen Mangham and Charles Scott insisted on an unconstitutional prosecution and sentence.  Plaintiff claims that on September 15, 2011, he was released from incarceration for diminution of sentence.

Plaintiff claims he has newly discovered evidence that the victim informed several people that he did not commit a crime against him but that he told the police he did because he believed he was involved.  Plaintiff claims he has also discovered that a witness in the first trial stated that she was hesitant to testify against him because she can no longer recall the

incident.

Plaintiff claims that it was a due process violation and a double jeopardy violation to try him again because the State illegally bargained on a case it had no right to take to trial and the State and trial court prohibited him from investigating his case after unconstitutionally allowing him to waive counsel.  He claims as a result of these actions, he lost his defense. He claims he could not effectively cross-examine the state witnesses regarding evidence he no longer possessed.  He claims Steve Prator and his office are responsible.

Accordingly, Plaintiff seeks monetary, compensatory, and punitive damages and any other relief to which he is entitled including declaratory and injunctive relief.

## LAW AND ANALYSIS

**Steve Prator, Robert Wyche, Dr. Florinoid, Manager Boone, Patsy Lewis, Patsy Williams, Caddo Parish Commission, Madison Parish Sheriff's Office, Warden of Madison Parish Jail, Major John Doe, Warden of River Correctional Center, Major John Doe 2, Collinston Correctional Center, Warden of Collinston Correctional Center, Louisiana Department of Public Safety and Corrections**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims.  The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used.  Id. at 280.  In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as:  "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort

actions.  The article subjects delictual actions to a liberative prescription of one year.  <u>See</u> La. C.C. art. 3492.  The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action."  <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983).  Finally, prescription on the claim is tolled while the administrative remedy procedure is pending.  <u>See</u> <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

 Plaintiff claims that from February 2000 until his conviction in 2002, he was denied access to the courts because the Caddo Correctional Center law library was inadequate and he was denied adequate legal resources including a private investigator, expert witnesses, and a telephone.  Thus, prescription began to run as to these claims in 2002 at the latest.  The above entitled and numbered complaint was not signed by Plaintiff until May 26, 2010 and it was not filed by the Clerk of Court until June 1, 2010.  Plaintiff's claims are therefore prescribed.

Plaintiff also claims that from 2002 until 2004, he was incarcerated in Madison Parish.  He claims that during this time, he prepared his first direct appeal and he was denied access to the courts.  Thus, prescription began to run as to these claims in 2004 at the latest.  The above entitled and numbered complaint was not signed by Plaintiff until May 26, 2010 and it was not filed by the Clerk of Court until June 1, 2010.  Plaintiff's claims are therefore prescribed.

Plaintiff claims that while he was incarcerated at the Colliston Correctional Center,

he prepared his first application for post-conviction relief. Based on Plaintiff's complaint and amended complaints, it appears he was incarcerated at the Colliston Correctional Center from 2004 until 2006. Thus, prescription began to run as to these claims in 2006 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until May 26, 2010 and it was not filed by the Clerk of Court until June 1, 2010. Plaintiff's claims are therefore prescribed.

Plaintiff claims that from 2006 until 2007, he was incarcerated at the River Correctional Center. He claims that during this time, he prepared his application for federal habeas relief and he was denied access to the courts. Thus, prescription began to run as to these claims in 2007 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until May 26, 2010 and it was not filed by the Clerk of Court until June 1, 2010. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's claims regarding access to the courts against Steve Prator, Robert Wyche, Dr. Florinoid, Manager Boone, Patsy Lewis, Patsy Williams, Caddo Parish Commission, Madison Parish Sheriff's Office, Warden of Madison Parish Jail, Major John Doe, Warden of River Correctional Center, Major John Doe 2, Collinston Correctional Center, Warden of Collinston Correctional Center, Louisiana Department of Public Safety and Corrections should be dismissed as frivolous.

**Jason Waltman**

Plaintiff claims that prior to his 2002 trial, Assistant District Attorney Jason Waltman offered him a plea deal which he rejected. He claims Waltman proceeded to trial and had him

punished more severely for rejecting the plea.  In <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court held that a pretrial threat to obtain and pursue more serious charges if a defendant fails to plea guilty does not constitute a denial of due process. In this case, according to Plaintiff he was offered a deal to plead guilty to the charge for a ten year at hard labor sentence. The case proceeded to trial and resulted in a 17 year at hard labor sentence.  Plaintiff claims the prosecutor had him punished more severely because he rejected the plea.  This scenario does not show any violation of Plaintiff's constitutional rights. Accordingly, Plaintiff's claim should be dismissed as frivolous.

**Coriletha Stewart**

Plaintiff claims Assistant District Attorney Coriletha Stewart punished him because he rejected a plea offer that was illegal.  Plaintiff is seeking monetary damages for his prosecution by Coriletha Stewart.  The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  <u>Heck</u> involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated.

## Warden Goodwin, Jamie Fussel, and Louisiana Department of Public Safety and Corrections

Plaintiff claims that from 2008 until 2010, Warden Goodwin and Jamie Fussel denied him access to the courts while he prepared his habeas petition and brief in 07-cv-263. Prisoners have a constitutional right of meaningful access to the courts.  Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996)  (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which  is the source of a prisoner's constitutional right to "meaningful access to the courts."  While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation.  In so holding, the Court noted

that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  Lewis, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access  to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous.  Clearly, Plaintiff has not satisfied the "actual injury" requirement.  In fact, on April 9, 2010, Plaintiff was granted habeas relief.  Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to the court.  Thus, he has failed to state any actual injury.  Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Susan Owens, Kenya Ellis, Geya Prudhomme, Brian Barner, Warren Glen Mangham, and Charles Scott**

Plaintiff claims his second conviction and sentence are unconstitutional.  Plaintiff is seeking monetary damages for this allegedly unconstitutional conviction and sentence. As previously discussed, when a claim comes within the parameters of the Heck teachings, it is

not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated.

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action.  Accordingly, this court must examine Plaintiff's claim for an award of money damages to see if the Court's jurisdiction over those claims is barred by the Eleventh Amendment.  Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury.  Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section 1983 actions.  Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court.  Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); Brennan v. Stewart, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property."  The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court.  American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court.  The State of Louisiana has not waived its rights under the Eleventh Amendment.  Usry v. Louisiana Department of Highways, 459 F.Supp. 56, 63-64 (E.D. La. 1978); Kiper v. Louisiana State Bd. of Elementary and Secondary Education, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983.  This court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs.  Stewart, at

1252.  Plaintiff's claims and the relief sought fall within the strictures enunciated in <u>Stewart</u>, thereby barring a retrospective award of damages.  This court cannot grant Plaintiff the relief he seeks.

Accordingly, his claims against the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

## CONCLUSION

"A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. <u>See</u> <u>Magouirk v. Phillips</u>, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Steve Prator, Robert Wyche, Dr. Florinoid, Manager Boone, Patsy Lewis, Patsy Williams, Caddo Parish Commission, Madison Parish Sheriff's Office, Warden of Madison Parish Jail, Major John Doe, Warden of River Correctional Center, Major John Doe 2, Collinston Correctional Center, Warden of Collinston Correctional Center, Louisiana Department of Public Safety and Corrections, Jason Waltman, Warden Goodwin, Jamie Fussel, and the Lousiana Department of Public Safety and Corrections should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS** under 28 U.S.C. § 1915(e); and his civil rights claims

seeking monetary compensation from Coriletha Stewart for her allegedly unconstitutional prosecution and from Susan Owens, Kenya Ellis, Geya Prudhomme, Brian Barner, Warren Glen Mangham, and Charles Scott for his allegedly unconstitutional conviction and sentence should be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met and that Plaintiff's civil rights claims against the State of Louisiana should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79

F.3d 1415 (5th Cir. 1996) (en banc).

   **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st

day of May, 2013.

                                                    _____
                                                           MARK L. HORNSBY
                                                 UNITED STATES MAGISTRATE JUDGE