UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT JACKSON, III　　　　　　　　　CIVIL ACTION NO. 10-cv-0909

VERSUS　　　　　　　　　　　　　　　　JUDGE HICKS

STEVE PRATOR, ET AL　　　　　　　　　MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

　　　　Robert Jackson, III ("Plaintiff") is a self-represented litigant who filed an untimely notice of appeal from a judgment that dismissed his civil rights complaint. The Fifth Circuit remanded the case to this court for a determination of whether the district court should extend the time for filing an appeal so that the notice is deemed timely. For the reasons that follow, it is recommended that the time to appeal not be extended.

**Relevant Facts**

　　　　Plaintiff was convicted and sent to prison for a crime stemming from an attempt to shoot a woman with whom he had a child. Soon after Plaintiff was released from prison on parole, he went to the home where the woman was staying with her parents on 76th Street in Shreveport. He used a 12-gauge shotgun to shoot the lock off the door. The woman's father threw a beer mug at Plaintiff, who then fired the shotgun at him. The men fought, and Petitioner yelled that he shot his way in because the young woman had done him wrong by going out with another man. The father managed to take the shotgun from Plaintiff, but at

some point during the struggle the father was hit in the right arm with one shotgun pellet, which caused a minor injury.

Plaintiff fled the house, but the young woman's mother saw him. She chased him in her vehicle, attempted to shoot him, and tried to run him down with her car. Plaintiff escaped but was arrested several days later. Plaintiff was convicted in state court of illegal use of weapon, and he received a 17-year enhanced sentence as an habitual offender.

This court granted Plaintiff habeas relief in Jackson v. Cain, 07-cv-0263 based on a claim by Plaintiff, who insisted on representing himself at trial, that he did not make a knowing and intelligent waiver of his right to counsel. Plaintiff continued to flood the record of his habeas case with filings in which he asked the federal court to essentially micro-manage his second state court trial. Those requests were denied, and Plaintiff was again convicted in the state courts.

Plaintiff filed this civil rights complaint in 2010 against the district attorney, several assistant district attorneys, and several persons associated with the various correctional facilities in which Plaintiff was held. His complaints included denial of an adequate law library, vindictive prosecution, and double jeopardy.

Plaintiff notified the court in writing (Doc. 21) in September 2011 that he was no longer incarcerated and had a new address on Alma Street in Shreveport. The Clerk of Court began sending all notices to that address. The undersigned issued a Report and Recommendation (Doc. 27) that the complaint be dismissed as frivolous because claims were untimely, barred by the Heck doctrine, barred the Eleventh Amendment, or otherwise failed

to state a claim on which relief could be granted. Plaintiff did not file any objections, and Judge Hicks adopted the recommendation. Doc. 28.

A judgment dismissing the complaint was entered on May 30, 2013. Plaintiff filed a Notice of Appeal (Doc. 30) on July 17, 2013, which was 48 days after entry of judgment. Plaintiff acknowledged that his filing was untimely but represented that "he had orally requested the Clerk's Office to change his address some time ago to learn as of yesterday when he received the notice of judgment from his mother's residence that it had to be done in writing." Plaintiff stated that he had not lived at his mother's Alma Street address since June 2012 and did not actually receive the judgment or report and recommendation until July 14, which was about two weeks after the deadline for filing a timely notice of appeal. Plaintiff's notice of appeal bears a signature date of July 15, and it was received by the Clerk of Court on July 17.

The Fifth Circuit treated the statements in Plaintiff's notice of appeal as a timely motion for finding excusable neglect or good cause for filing the notice of appeal late. See Federal Rule of Appellate Procedure 4(a)(5). The appellate court remanded the case to this court for necessary findings and a return of the case to the appellate court for further proceedings or dismissal, as appropriate.

The court issued an order (Doc. 36) and advised Plaintiff that he would be allowed until October 15, 2013 to file a memorandum in support of his motion for finding excusable neglect or good cause. Plaintiff was told: "The memorandum may be supported by an affidavit from Plaintiff or other evidence and should specifically address when Plaintiff

allegedly gave oral notice of a change of address, whether the communication was made in person or by telephone, to whom the information was provided, and what response Plaintiff received from that person." The court also advised Plaintiff that he could address any other factors relevant to whether he can show excusable neglect or good cause for his late finding. Plaintiff filed nothing.

**Analysis**

The notice of appeal in a civil case generally must be filed with the district clerk within 30 days after entry of the judgment appealed from. F.R.A.P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires and the party "shows excusable neglect or good cause." F.R.A.P. 4(a)(5).

The question of what neglect will be considered excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co. v. Brunswick Associates, Ltd. P'ship, 113 S.Ct. 1489, 1498 (1993). The Supreme Court in Pioneer identified five factors to consider in making the equitable determination: (1) the danger of prejudice to the other party, (2) the length of the delay and its (3) potential impact on judicial proceedings, (4) the reason for the delay, including whether it was within the reasonable control of the movant, and (5) whether the movant acted in good faith. Pioneer decided how to apply a bankruptcy rule, but the Fifth Circuit has applied the decision to Rule (4)(a)(5) issues. Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 469 (5th Cir. 1998).

The length of Plaintiff's delay was only several days, and there is not significant danger of appellate prejudice to the defendants. The complaint was dismissed after the initial review process, so the defendants were never even served or required to appear. But should an appeal be allowed, and the Fifth Circuit were to reverse the decision to dismiss the complaint, then there would be a risk of prejudice to the defendants, related to the overall delay, in their ability to respond to the merits of the complaint. Much of that delay would be due to the filing of the untimely notice of appeal and these related proceedings that have taken weeks to resolve in the district and appellate court. Even if there were no danger of prejudice from granting an extension, the mere absence of harm does not render neglect excusable. Halicki, 151 F.3d at 469, n.4.

Some courts have stated that the "most important" of the Pioneer factors is the reason for the delay, including whether it was within the reasonable control of the movant. Tuesno v. Jackson, 2013 WL 685928, *2 (S. D. Miss. 2013) (collecting cases). The movant must put forth a compelling reason for the delay and make a clear showing that the circumstances causing the delay were unique and excusable. Id. at *3. Plaintiff blames his tardiness on the clerk of court allegedly not processing an oral change of address notification.

Local Rule 11.1 provides: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." The Fifth Circuit examined identical language in a Mississippi local rule and found that a district court was unreasonable to construe the rule to require written notice. U.S. v. Nix, 250 F.3d 738 (5th Cir. 2001) (unpublished). The appellate court noted that if the district court were to apply the rule in

that fashion then equity dictated the clerk inform the litigant that he could not accept an oral change of address and that written notice was required.

The undersigned has spoken with clerk of court staff who serve the public at the filing counter and by phone. They inform the court that the local practice, for as long as can be remembered, has been to require change of address notices from attorneys or self-represented litigants be in writing. If a person appears at the public counter and asks to change his address, he is provided a piece of paper on which to write the request. If a person calls by telephone and says his address has changed, he is told that he must send a letter to the clerk of court to effect the change. If a deputy clerk were to receive such a call from a self-represented litigant, it is likely that he or she would make a private entry on the docket sheet to reflect the call and that the party had been advised to submit the change in writing.

Plaintiff demonstrated when he was released from prison that he knew how to change his address in writing. Doc. 21. He did so again soon after filing his untimely notice of appeal. Doc. 29. Plaintiff made a conclusory assertion in his notice that he orally requested the clerk change his address "some time ago," and that was the reason he did not receive notice of the judgment until the appeal delayed had run. Plaintiff was given the opportunity to submit evidence or other specific facts to support his contention that he made this oral request. Plaintiff did not file anything, and all of the information known to the court about the change of address practices long in place in the clerk's office suggests that Plaintiff did not make such an oral request.

Based on all available information, the undersigned finds that the reason for the delay in Plaintiff receiving notice of the judgment was Plaintiff's own failure to keep the court apprised of his current address. Plaintiff was perhaps not so concerned about timely changing his address since the former address was the home of his mother, as opposed to a home or apartment that would be occupied by a stranger after Plaintiff moved out. Making the change was within the reasonable control of Plaintiff. There is also reason to believe, especially considering Plaintiff's history of manipulative legal proceedings, that he has not acted in good faith with respect to his representations to the court.

The record shows that Plaintiff was neglectful in informing the court of his change of address, but Plaintiff has not shown, under the Pioneer factors, that his neglect was excusable. The undersigned finds, considering all of the relevant circumstances, that the court should not grant Plaintiff the equitable benefit of extending the time for taking an appeal.

Rule 4(a)(5) also allows an extension of time on a showing of good cause, but that applies in situations in which there is no fault, excusable or otherwise. A good cause extension is necessary when something is entirely beyond the control of the moving party, such as where the Postal Service fails to deliver a notice of appeal. Tuesno, 2013 WL 685928, *4, citing Advisory Committee Notes to F.R.A.P. 4, 2002 Amendments. There is no indication of good cause in this case.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's motion under Federal Rule of Appellate Procedure 4(a)(5) to extend the time to file a notice of appeal be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of October, 2013.

Mark L. Hornsby
U.S. Magistrate Judge